952 F.2d 406
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mulade Sam CARSON, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS; L.A.
Container Terminals; Industrial Indemnity, Respondents.
 Nos. 90-70656, 91-70290.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1991.*
Decided Dec. 17, 1991.
 
 Before JAMES R. BROWNING, BOOCHEVER and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mulade Sam Carson petitions for review of the order of the Benefits Review Board of the Department of Labor ("Board") affirming the decision of the administrative law judge ("ALJ") that under the Longshore and Harbor Workers' Compensation Act (the "Act"), 33 U.S.C. §§ 901-950 (1988), Carson was temporarily totally disabled from July 13, 1984, until January 23, 1987, and was entitled to compensation for that period, and was also entitled to twelve and a half weeks' compensation for his permanent partial disability--the loss of the distal phalange of the third finger of his left hand.
 
 
 3
 We find meritless Carson's claim that the Board erred in determining that substantial record evidence supported the ALJ's finding that Carson had not proved his claims of debilitating psychological impairment. See Todd Pacific Shipyards Corp. v. Director, OWCP, 913 F.2d 1426, 1428 n. 1 (9th Cir.1990) (we examine the Board's decision regarding the ALJ's factual findings for adherence to the statutory standard, which requires the Board treat the ALJ's factual findings as conclusive if supported by substantial record evidence). The only evidence before the ALJ to support Carson's claim that he had suffered an incapacitating psychological injury as a result of the amputation of the top joint of his left ring finger was his own testimony to that effect, and two appointment slips indicating only that he had scheduled two meetings with a social worker.[1] The ALJ found this evidence scant, not credible and extremely exaggerated. That credibility determination does not merit interference from this court; it does not "conflict with the clear preponderance of the evidence.... [nor is it] 'inherently incredible or patently unreasonable.' " Cordero v. Triple A Machine Shop, 580 F.2d 1331, 1335 (9th Cir.1978) (citations omitted).
 
 
 4
 The Board also did not err in affirming the ALJ's determination that Carson remained totally disabled from July 13, 1984, when he was injured, until January 23, 1987. The evidence before the ALJ indicated that Dr. Lieb, the physician who examined Carson at the request of the Department of Labor, determined Carson was totally disabled until November 18, 1986. Dr. Rickard, Carson's own physician, found Carson totally disabled until January 23, 1987. The ALJ found Dr. Rickard's opinion--a more favorable one for Carson--entitled to more weight, since Dr. Rickard was the treating physician. Although Carson claims he remains totally disabled, that claim is based on the contention that he proved he suffers from a debilitating psychological impairment, a contention we have already rejected.
 
 
 5
 Apparently, Carson's claim that he deserves $500,000 in damages is also based on his contention that he has a psychological injury that has rendered him totally disabled to this date. To the extent his claim can be construed as an argument that the ALJ should have awarded him more for his physical impairment, that argument, too, is meritless.[2]
 
 
 6
 The ALJ correctly determined that Carson was entitled to compensation pursuant to sections 908(c)(10) and (14) of the Act, which provide that where an employee is permanently partially disabled by the loss of the first phalange of his third finger, he is to be compensated at the rate of two-thirds of his average weekly wages, for a period of twelve and a half weeks. 33 U.S.C. §§ 908(c)(10) & (14). The ALJ also correctly determined that Carson was entitled to compensation pursuant to 33 U.S.C. § 908(b), which provides that an employee is to be compensated at that same rate, for the period during which the temporary total disability persists. Carson's recovery is limited by the statutory schedule. Potomac Electric Power Co. v. Director, OWCP, 449 U.S. 268 (1980).
 
 
 7
 The Board did not err in determining that the ALJ applied the proper legal principles in calculating Carson's average weekly wages for the purposes of sections 908(b) and (c). See Todd Pacific Shipyards v. Director, OWCP, 913 F.2d at 1428 n. 1 (we review the Board's decision on legal conclusions for errors of law). 33 U.S.C. § 910 governs the calculation of a claimant's average weekly wages under the Act. Section 910(a) applies where the claimant worked in the kind of job in which he was injured for "substantially the whole of the year immediately preceding his injury." 33 U.S.C. § 910(a). Because the evidence showed that Carson worked only twenty days total in 1983 and 1984, the period before his accident, the ALJ did not err in finding that section 910(a) did not apply.
 
 
 8
 Section 910(b) applies to a claimant who has not worked for substantially the whole year before the injury, but it requires computation of the claimant's average weekly wages based on the wages of other workers in the same employment situation who have worked for substantially the whole year. 33 U.S.C. § 910(b). Since Carson offered no evidence of the wages of similarly situated workers who had worked for substantially the whole year before his injury, the ALJ properly determined that section 910(b) did not apply.
 
 
 9
 Section 910(c) is used where sections 910(a) and (b) cannot "reasonably and fairly be applied." 33 U.S.C. § 910(c). Section 910(c) is appropriately applied where, as here, employment is intermittent and irregular, and where, as here, there is insufficient evidence presented at the hearing to permit application of sections 910(a) or 910(b). National Steel & Shipbuilding Co. v. Bonner, 600 F.2d 1288, 1291 (9th Cir.1979). Under section 910(c), the ALJ calculates the claimant's average weekly wage based on earning capacity, which is determined by considering "(1) the previous earnings of the injured employee in the job at which the employee was injured, and (2) previous earnings of similar employees, or (3) other employment of the injured employee." Bonner, 600 F.2d at 1292 (emphasis omitted).[3] The ALJ should also consider the claimant's " 'ability, willingness and opportunity to work.' " Palacios v. Campbell Industries, 633 F.2d 840, 843 (9th Cir.1980) (citation omitted).
 
 
 10
 The ALJ did consider Carson's previous earnings as well as his "other employment," finding that he was not employed at all, by choice, from 1979-1983. There was no evidence presented of the previous earnings of similar employees. The ALJ also took into account Carson's ability, willingness and opportunity to work, noting his "choice to pursue school full time must be one of the factors considered in determining an appropriate average weekly wage." In addition, the ALJ properly relied on the only other relevant evidence available: the post-injury vocational evidence that indicated that after the accident, Carson was capable of earning the national minimum weekly wage. See Palacios, 633 F.2d at 843 ("A determination of earning capacity does not preclude consideration of circumstances existing after the date of injury where previous earnings of the disabled employee do not realistically reflect his or her true earning potential.").
 
 
 11
 The ALJ appears to have made a fair and reasonable effort based on all the relevant evidence he had before him to compensate Carson according to his actual wage earning capacity, and his determination that Carson was capable of earning the national minimum weekly wage appears to be an appropriate use of the flexibility section 910(c) allows. Cf. Empire United Stevedores v. Gatlin, 936 F.2d 819, 823 (5th Cir.1991) (ALJ has broad discretion under section 910(c)); Hastings v. Earth Satellite Corp., 628 F.2d 85, 96 (D.C.Cir.1980) (ALJ's failure properly to use the flexibility provided by section 910(c) is abuse of discretion).
 
 
 12
 The Board's decision is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Carson claims that the ALJ "ignored" evidence that he had suffered a debilitating psychological injury. However, the record indicates that the ALJ admitted all five of the exhibits Carson proffered, despite Carson's failure to provide opposing counsel with copies or to pre-mark or index them in accordance with a pretrial order. Carson explicitly told the ALJ that the five exhibits proffered constituted all the documents he wanted to submit into evidence. Thus, his contention that the ALJ failed to consider certain letters supporting his claim of psychological impairment is groundless; those letters were apparently never properly offered into evidence, if they were offered at all. Cf. Todd Shipyards Corp. v. Director, OWCP, 545 F.2d 1176, 1179 (9th Cir.1976) ("Claimant argues that certain evidence was submitted to the Administrative Law Judge, but that it was excluded from evidence and ignored by the judge in making his decision.... Not only was the evidence submitted ex parte with no notice to opposing counsel, but it was submitted untimely as well. The Administrative Law Judge correctly exercised his discretion and excluded the evidence.")
 
 
 [2]
 If Carson's petition can be considered to raise any other issues, they were not considered by the Board and we need not consider them either. See Schwabenland v. Sanger Boats, 683 F.2d 309, 310 n. 1 (9th Cir.1982) (court need not consider question not raised before the Benefits Review Board); see also Duncanson-Harrelson Co. v. Director, OWCP, 644 F.2d 827, 832 (9th Cir.1981) (argument deemed waived when not raised below in absence of exceptional circumstances because reviewing court usurps agency's function when it sets aside administrative determination on ground not previously presented)
 
 
 [3]
 "It is unclear whether (3) alone would be sufficient; perhaps Congress intended that (1) must be combined with either (2) or (3)." Id. Because the ALJ considered both factors (1) and (3), as in Bonner, we need not decide which interpretation is correct. See id